

**ORDERED in the Southern District of Florida on January 31, 2012.**

A. Jay Cristol, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

In re:                                                                    Case No. 04-13319-BKC-AJC

JEFF TUCKER
    Debtor.                                                           Adv. No. 11-2588-BKC-AJC-A
_____/

JOEL L. ISRAEL,

    Plaintiff,

vs.

KAREN TUCKER AND JEFF TUCKER,

    Defendants.
_____/

**ORDER DENYING MOTION FOR DISQUALIFICATION**

THIS CAUSE came before the Court upon *Debtor's Verified Motion for Disqualification Directed to "Justice" A. Jay Cristol and to Stay Proceedings Pending Recusal* [C.P. 18] filed

December 19, 2011. The Debtor has asserted in the motion that this Court shows bias and is prejudiced against him. As previously stated in its order denying disqualification in the Debtor's main bankruptcy case, the Court would be delighted to pass this slimy case on to some other judicial officer but, under the facts and the existing law, that would be an inappropriate "cop out".

A bankruptcy judge is governed by 28 U.S.C. §455 Pursuant to 28 U.S.C. §455(a), a judge has a duty to disqualify himself when "his impartiality might reasonably be questioned." The operative word in the statute is "reasonable." *See In re International Business Machines*, 618 F.2d 923 (2d Cir. 1980) (statute provides objective standard for recusal, creating the so-called "appearance of justice" rule). In determining whether a judge should disqualify himself, one must ask what a reasonable person knowing all the relevant facts would think about the impartiality of the judge. The Debtor has alleged no factual basis for doubting the Court's impartiality.

Mr. Tucker was completely unknown to this Court prior to this case being brought to this division. The record is clear with factual information that Mr. Tucker is guilty of substantial illegal and inappropriate conduct in many situations which arose before the Court ever heard of Mr. Tucker. For example, in a Colorado state court quiet title and foreclosure action involving property in Eagle County Colorado, *see Turkey Creek LLC v. Albert, et al*., Case No. 94 CV 152, the court found Mr. Tucker was responsible for recording 405 false and fraudulent deeds of trust, clouding the title to properties of persons with whom he had no privity, for the purpose of extorting money from innocent victims. In a second lawsuit against Mr. Tucker and others, the court found that Mr. Tucker was the controlling officer responsible for damages resulting from

the wrongful liens, and that judgment was affirmed by the Colorado Court of Appeals on October 11, 2001. The record is clear – Jeff Tucker is not a nice guy.

During the course of proceedings in this Court, Mr. Tucker has demonstrated himself to be lacking in credibility and has made numerous agreements which he has not kept. He has defaulted on agreements and broken promises time after time. Any negative views of Mr. Tucker by the Court have been earned by Mr. Tucker as a result of his conduct in this and other reported legal proceedings.

Prejudice is a situation where a judicial officer has a negative feeling towards an individual litigant prior to the proceeding taking place. After presiding over a litigated case, negative impressions of a litigant which are the result of the litigant's conduct or of facts determined in the judicial proceedings are not prejudice but judicial determinations. This is not a matter of prejudgment, but rather Mr. Tucker is not pleased with the findings, judgments and adjudications regarding his actions in this case where he has hindered and delayed the administration of this case. Mr. Tucker's claims of bias and prejudice at this stage of the proceedings are insincere and disingenuous, if not totally transparent.

The verified motion filed by Mr. Tucker is inaccurate in regard to many facts. In particular, his allegation that the Court Reporter modified statements of the Court is plainly false and can be verified by listening to the recorded tape of the hearing. Mr. Tucker's claim that the reporter changed the words stated by the Court is the product of a distorted imagination.

Mr. Tucker's motion is wholly insufficient in that it states no grounds on which this Court should even consider entering an order disqualifying itself. To disqualify a judge, one must allege bias derived from an extra-judicial source. *U.S. v. Grinnell*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966). "The nature of the judge's bias must be personal and not

judicial." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). There is no basis to support the claim that this Court harbors extra-judicial personal prejudice or bias.

Section 455 is not intended "to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise. *Berger v. US*, 255 U.S. 22, 31, 41 S.Ct. 230, 232, 65 L.Ed. 481, 483 (1921). Granting Mr. Tucker the relief requested would certainly relieve this Court of any further duties pertaining to these estates; but, this Court has an obligation to hear all matters assigned to it unless some reasonable factual basis to doubt the impartiality or fairness of the tribunal is shown by some kind of probative evidence. No personal bias or prejudice with respect to the Debtor has been established that would warrant recusal or disqualification.

This Court would be delighted if its analysis is in error and that this Court should be recused and pass this slimy mess on to another judicial officer but, under existing facts and law, there is no basis for the motion for disqualification. Accordingly, it is

ORDERED AND ADJUDGED that the *Debtor's Verified Motion for Disqualification Directed to "Justice" A. Jay Cristol and to Stay Proceedings Pending Recusal Debtor* is DENIED.

# # #

Copies furnished by the Clerk of Court to all creditors and interested parties listed on the mailing matrix.