

ORDERED in the Southern District of Florida on September 14, 2012.

_A. Jay Cristol_
A. Jay Cristol, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                          Case No. 04-13319-BKC-AJC

JEFF TUCKER,

    Debtor.
_____/

JOEL L. ISRAEL,                                 Adv. No. 11-2588-BKC-AJC-A

    Plaintiff,

vs.

JEFF TUCKER, KAREN TUCKER,
BARRY E MUKAMAL, AS TRUSTEE,

    Defendants.
_____/

**ORDER GRANTING IN PART MOTION TO STRIKE KAREN TUCKER'S AFFIRMATIVE DEFENSES, GRANTING IN PART MOTION TO DISMISS COUNTERCLAIMS AND GRANTING MOTION TO STRIKE DEMAND FOR JURY TRIAL (DE 74)**

THIS CAUSE came before the Court for hearing on March 15, 2012 at 3:00 PM upon

Plaintiff's motion to strike Karen Tucker's affirmative defenses, to dismiss her counterclaim, and

to strike her demand for jury trial in DE 39 (DE 74). The Court having considered the arguments of counsel, and grants the motion as follows.

### 1. Affirmative Defenses

For the reasons stated more specifically on the record at the hearing, the motion to strike Karen Tucker's affirmative defenses is granted in part. Affirmative defenses 1, 2, 4, 5, 6, 7, 8, and 9 are stricken without prejudice to amendment within fourteen (14) days of this order.

### 2. Counterclaims

With respect to dismissal of the counterclaims against the Plaintiff, the Court grants dismissal of Count I. Count I of the countercomplaint, although labeled as seeking declaratory relief, seeks damages for conduct amounting to defamation. The Plaintiff moved to dismiss Count I for lack of subject matter jurisdiction.

The Court finds that the action for defamation or false statements by a non debtor against a non creditor does not affect the Debtor's bankruptcy estate and therefore this Court lacks subject matter jurisdiction. *Stern v. Marshall,* 131 S.Ct. 2594, 2601(S.Ct. 2011); *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 115 (1982). Counter-Plaintiff's claim against counter-defendant is not a core matter or "related to" the bankruptcy case in any manner that would support bankruptcy jurisdiction under 28 U.S.C. § 1334(b). Any recovery by the non-debtor against the non-creditor Defendant for defamation or false statements would not affect case administration and, therefore, does not support "related to" jurisdiction under Section 1334(b). "Related to" jurisdiction is appropriate only when "the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir. 1990) (quoting

*Pacor, Inc. v. Higgins (In re Pacor, Inc.)*, 743 F.2d 984, 994 (3d Cir. 1984)).  Count I is dismissed without prejudice for want of jurisdiction.

Counts II and III are grounded in the settlement agreement which is the basis of Plaintiff's claims in the Complaint. Counts II and III allege Plaintiff breached a contract and general release relative to the subject settlement agreement and seek damages for the alleged breaches.  Counts II and III are related to Plaintiff's claims for declaratory and injunctive relief, and appear to be duplicative of the defenses alleged in response to the Complaint.  However, said counts do include a claim for damages which the affirmative defenses do not afford.  Thus, although this Court will necessarily have to determine the issues raised by Counts II and III when ruling on the Complaint -- to wit, compliance with the settlement agreement and whether a breach of the settlement agreement occurred and, if so, by whom -- the Court denies dismissal of Counts II and III as they seek damages for the alleged breaches, a claim not presented by the Plaintiff's Complaint.  Plaintiff/Counterdefendant shall respond to Counts II and III within fourteen (14) days of this order

### 3.  Jury Demand

Notwithstanding the existence of Counts II and III, Defendant's demand for a jury trial is stricken.  The Complaint seeks declaratory and injunctive relief.  Plaintiff's claims are quintessentially equitable in nature and therefore do not warrant a jury trial in bankruptcy court. *See, e.g., Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41-42, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).  According to *Granfinanciera*, the inquiry the Court must make to determine whether an action is subject to a trial by jury under the Seventh Amendment is to:

> "Compare the statutory action to the 18th century actions brought in the court of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. *Tull v. United States*, 481 U.S. 412, 417-18, 95 L.Ed.2d 365, 107 S.Ct. 1831 1835-36

(1987) (citation omitted). The second stage of this analysis is more important than the first. *Id*., at 421 107 S.Ct. at 1837. . . . " 492 U.S. 33, 48, 109 S.Ct. 2782, 2793, 106 L.Ed.2d 26, 45 (1989).

In *In re Beeline Engineering & Const., Inc*., 139 B.R. 1025 (Bankr. S.D.Fla. 1992), the court found that declaratory relief is an equitable remedy as such causes of action were brought before the courts of equity in 18th century England. *See Granfinanciera*, 492 U.S. at 42. In addition, the court found that an injunction is clearly equitable in nature. *Beeline Engineering & Const.*, 139 B.R. at 1025. In the Complaint before the Court, Plaintiff is seeking declaratory and injunctive relief, both equitable causes of action which do not entitle the Defendants to a jury trial. *See In re Sunco, Inc.*, 113 B.R. 764 (Bankr. S.D.Fla. 1990) (if declaratory relief is sought, there is no right to a jury trial). Therefore, Karen Tucker is not entitled to a trial by jury on these causes of action.

Although Karen Tucker seeks damages for alleged breaches in Counts II and III of the countercomplaint, the court in *In re Hillsborough Holdings Corp.*, 203 B.R. 1000 (Bankr. M.D.Fla., 1996) correctly found that a request for a damage award incidental to or intertwined with equitable relief may be considered equitable. *See also, American Universal Ins. Co. v. Pugh*, 821 F.2d 1352 (9th Cir.1987). Where the cause of action seeking monetary relief is integral to the equitable relief sought, the action lies in equity and there is no right to a trial by jury. *In re Paula Saker Co*., 37 B.R. 802 (Bankr. S.D.N.Y. 1984). The Complaint and counterclaims in this case are equitable or incidental to equitable relief, and the demand for jury trial is therefore stricken.

Additionally, Karen Tucker holds a filed claim in the bankruptcy case, as admitted in her answer (DE 39) and by her attorney at the hearing. According to the holding in *Granfinanciera*, by filing a claim, a non-debtor subjects its otherwise legal claims to the bankruptcy court's

equitable powers. 492 U.S. at 42. Because the defendant in *Granfinanciera* had not filed a claim, defendant retained its jury trial right. *Id.* at 57-58.

The Supreme Court later clarified the jury trial rights of non-debtors in bankruptcy in *Langenkamp v. Culp,* 498 U.S. 42 (1990). In *Langenkamp,* defendant was sued by the trustee to recover a preferential transfer. In contrast to *Granfinanciera,* the defendant in *Langenkamp* filed a proof of claim in the bankruptcy case. Predictably, the *Langenkamp* court determined that the non-debtor was not entitled to a jury trial. *Id.* at 45. The Court stated:

> [B]y filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. . . . [T]he creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction.* As such, there is no Seventh Amendment right to a jury trial. If a party does *not* submit a claim against the bankruptcy estate, however, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial. Accordingly, "a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate." *Id.* at 44 (emphasis in original; internal citations omitted).

Karen Tucker holds, by assignment, a filed proof of claim in this case. Based upon the foregoing, Karen Tucker's demand for jury trial is stricken.

IT IS SO ORDERED.

###

Copies furnished to:

Ariel Sagre, Esq.
Joel Aresty, Esq.
Jeff Tucker, Debtor