

**ORDERED in the Southern District of Florida on September 14, 2012.**

*A. Jay Cristol*

**A. Jay Cristol, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**

In re:                                                              CASE NO. 11-33155-BKC-AJC

JEFF Tucker,

    Debtor.
_____/

JOEL L. ISRAEL,

    Plaintiff,

vs.                                                                 ADV. NO. 11-2588-BKC-AJC-A

JEFF TUCKER, et al.,

    Debtor.
_____/

## REPORT AND RECOMMENDATION TO THE UNITED STATES DISTRICT COURT REGARDING MOTION FOR WITHDRAWAL OF REFERENCE

    The United States District Court for the Southern District of Florida has issued an order

referring all cases under Title 11 of the United Stated Code, and all proceedings arising

thereunder, or arising in or related to a case under Title 11, to the United States Bankruptcy Court

for the Southern District of Florida. Accordingly, this Court may exercise full judicial power over "all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. 157(b)(1). However, the United States District Court for the Southern District of Florida may withdraw the reference, in whole or in part, for cause shown. 28 U.S.C. §157(d).

In this case, Debtor/Defendant Jeff Tucker has filed a Motion to Withdraw the Reference (the "Motion"). The Motion and pertinent parts of the record were transmitted to the United States District Court, and the District Court issued an order referring the matter to this Court for issuance of a Report and Recommendation on the Motion to Withdraw the Reference. Upon review of the record and consideration of the Motion, the Court recommends denying withdrawal.

## UNDISPUTED FACTS

On May 15, 2009, Plaintiff Joel Israel filed a Complaint, commencing Adv. No. 09-1533-BKC-AJC-A, seeking declaratory relief against several entities related to the Debtor/Defendant. After much discovery and litigation, the Court approved a settlement between all parties. The parties announced in open court that they had reached an agreement settling the Adversary Proceeding in its entirety. The Defendants in that case moved *ore tenus* to approve the agreement and the Court granted approval by order dated June 24, 2010. The Court's June 24, 2010 Order attaches and incorporates the parties' settlement agreement dated May 7, 2010. It is signed by Joel Israel and "accepted by" Karen Tucker on behalf of the "Tuckers."

Pursuant to the approved settlement agreement of May 7, 2010, Israel and entities owned by Israel were to "drop all litigation now and forever more" against the Tuckers and the Tucker entities, and the Tuckers were to place in escrow with their attorney "$50,000.00 for the benefit

of Israel." Tucker placed into escrow the sum of $50,000.00; and, pursuant to the allegations in the Complaint herein and the exhibits attached thereto, on August 19, 2010, a formal *Stipulation for Settlement of Litigation* was apparently executed by Israel and Jeff Tucker and their respective attorneys memorializing the foregoing, but providing much more detail.[1] However, on November 17, 2010, Jeff Tucker's counsel sent a letter to Israel's counsel advising that "Israel has failed to comply with the Agreements" and further advised counsel to retain all escrow funds pending resolution of "Israel's obligations under the Agreements."

On September 29, 2011, Israel filed the Complaint commencing this action seeking release of the $50,000.00. The Plaintiff states two (2) counts against the Defendants: Count I for Preliminary Injunction and Count II for Declaratory Relief. Former counsel for Israel has interpleaded the $50,000.00, over the objection of Defendant.

Defendants sought to dismiss the Complaint herein, but the Court denied dismissal. Thereafter, the Defendants filed their answers and affirmative defenses, together with counterclaims against Israel. Israel has filed motions to dismiss the counterclaims and strike the demand for jury trial. (Israel has also sought to strike certain affirmative defenses.) The motions to strike and dismiss are pending before the Court.[2]

## CONCLUSIONS OF LAW

On February 13, 2012, the Defendant filed the Motion which is now before the Court. A

---

[1] In paragraph 14 of the Agreement, it states: This Agreement shall be deemed confidential and shall not be disclosed, released or recorded. The only way this Stipulation shall become public is upon a breach by either party and the attempt to enforce same."

[2] Simultaneously with entry of this order, the Court is striking certain affirmative defenses of Karen Tucker, granting dismissal of one of her counterclaims and striking her jury trial demand. The Court has deferred ruling with respect to Jeff Tucker, in deference to the District Court.

party may seek to withdraw the reference pursuant to 28 U.S.C. 157(d), which provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The first sentence addresses "permissive withdrawal," and the second, "mandatory withdrawal." *Hvide Marine Inc. v. Kimbrell (In re: Hvide Marine Inc)*, 248 B.R. 841 (M.D. Fla. 2000) (citing *In re American Body Armor and Equip.*, 155 B.R. 588, 590 (M.D. Fla. 1993). Jury trial considerations arise under the permissive withdrawal portion of the statute, while the interaction between various federal laws is a matter concerning mandatory withdrawal.

## I.  Mandatory Withdrawal

A district court *must* withdraw the reference if the proceeding requires consideration of both title 11 and "other laws of the United States regulating organizations or activities affecting interstate commerce."  In this case, no federal laws are implicated.  Jeff Tucker alleges in the Motion that the Plaintiff has unclean hands, Plaintiff has given a general release of the asserted claims and this matter does not involve substantive bankruptcy law or the administration of the estate.  Although the allegations in the Motion are conclusory and unsupported by the facts of record, still none of the allegations implicates federal law.  This action involves a fund of money, $50,000.00, which this Court directed be placed into escrow, and was placed into escrow, pursuant to this Court's order approving a settlement agreement in Adv. No. 09-1533-BKC-AJC-A.  Indeed, the disposition of this action does not involve substantive bankruptcy law.  Accordingly, mandatory withdrawal is not warranted.

**II.  Permissive Withdrawal**

The Motion does not assert this Adversary Proceeding does not fall within the categories of cases that are referred to the Bankruptcy Court in this District under the standing order of reference, but rather seeks withdrawal pursuant to 28 U.S.C. §157(d) "for cause shown."  The "cause" upon which the Defendant premises his request is Defendant's demand for a trial by jury on the operative Complaint commencing this Adversary Proceeding.  Defendant reasons that where a Seventh Amendment right to jury trial exists, and where a party does not consent to the bankruptcy court conducting such jury trial, the case must be tried in the District Court.

While the foregoing proposition is undisputed, *see* 28 U.S.C. §157(e), the mere presence of a jury demand does not justify withdrawal of the reference at this time.  Federal courts have universally held that "a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court."  *In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007) (citing collection of cases holding that jury trial demand does not compel withdrawing reference until the case is ready for trial).  Maintaining the referral to the Bankruptcy Court for adjudication of all pretrial matters does not curtail any party's Seventh Amendment right, but does "promote[] judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them."  *Id*. at 787-88.  The Defendant fails to state in the Motion why withdrawal of the reference should be effectuated immediately, rather than allowing the Bankruptcy Court to retain jurisdiction and manage the Adversary Proceeding through discovery, dispositive motions, and other pretrial proceedings, until the case is ready for trial.  In fact, withdrawing the reference would impede, not assist, judicial efficiency because it would deprive the District Court of the experience and legal knowledge of the Bankruptcy Court who is familiar

with the facts, the parties and the claims in this case. The Court is capable of determining and resolving all legal issues arising in this case prior to trial.

More importantly, however, Defendant's Motion fails to address the fact that the Plaintiff's claims are quintessentially equitable in nature and therefore do not warrant a jury trial in bankruptcy court. *See, e.g., Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41-42, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). According to *Granfinanciera*, the inquiry the Court must make to determine whether an action is subject to a trial by jury under the Seventh Amendment is to:

> "Compare the statutory action to the 18th century actions brought in the court of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. *Tull v. United States*, 481 U.S. 412, 417-18, 95 L.Ed.2d 365, 107 S.Ct. 1831 1835-36 (1987) (citation omitted). The second stage of this analysis is more important than the first. *Id*., at 421 107 S.Ct. at 1837. . . . " 492 U.S. 33, 48, 109 S.Ct. 2782, 2793, 106 L.Ed.2d 26, 45 (1989).

In *In re Beeline Engineering & Const., Inc*., 139 B.R. 1025 (Bankr. S.D.Fla. 1992), the court found that declaratory relief is an equitable remedy as such causes of action were brought before the courts of equity in 18th century England. *See Granfinanciera*, 492 U.S. at 42. In addition, the court found that an injunction is clearly equitable in nature. *Beeline Engineering & Const.*, 139 B.R. at 1025. In the Complaint before the Court, Plaintiff is seeking declaratory and injunctive relief, both equitable causes of action which do not entitle the Defendants to a jury trial. *See In re Sunco, Inc.*, 113 B.R. 764 (Bankr. S.D.Fla. 1990) (if declaratory relief is sought, there is no right to a jury trial).

Permissive withdrawal is within the discretion of the district court. *Hvide Marine*, 248 B.R. at 844. "While the Eleventh Circuit has not articulated criteria for determining what constitutes 'cause,' it has commented that 'this is not an empty requirement.'" *Id*. citing *In re*

*Simmons*, 200 F.3d 738, 741 (11th Cir. 2000) and *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 (11th Cir. 1991). The Eleventh Circuit suggested that certain factors be considered when determining what constitutes "cause" such as: (1) advancing uniformity in the administration of bankruptcy law; (2) prevention of forum shopping; (3) conservation of the parties' resources; and (4) facilitation of the bankruptcy process. *Id*. Other factors considered by the courts include "(1) whether the claim is core or non-core; [footnote omitted] (2) efficient use of judicial resources; (3) a jury demand, and (4) prevention of delay." *In re TPI Int'l Airways, Inc.,* 222 B.R. 663, 668 (S.D. Ga. 1998).

The Defendant argues that the claims are non-core. While such classification is an appropriate factor to weigh in the context of a request to withdraw the reference, that factor alone is not determinative of whether the reference should be withdrawn under the circumstances in this case. This action relates to the distribution of funds held pursuant to a settlement agreement approved by this Court. This action is based upon this Court's orders, and the interpretation and enforcement of same. Because this Adversary Proceeding is inextricably bound to the integrity of the bankruptcy proceedings, it is the Bankruptcy Court that should decide – at least in the first instance – whether the parties have complied with the settlement agreement and the Court's orders and whether the funds should be released. *See Tate et al. v. Citimortgage, Inc. (In re Tate)*, 2010 WL 320488 (S.D. Ala. 2010). Thus, it appears to the Court that all of the factors mentioned by the Eleventh Circuit and the additional factors considered by other courts weigh in favor of denying withdrawal of the reference. This proceeding should therefore remain referred to the Bankruptcy Court through final disposition.

IT IS SO RECOMMENDED.

###

Copies furnished to:

Joel Aresty, Esq.
Ariel Sagre, Esq.
Jeff Tucker, Debtor
Karen Tucker
Chapter 7 Trustee
AUST